IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO TRAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-455-B-BN |
| | § | |
| DALLAS COUNTY DISTRICT | § | |
| ATTORNEY OFFICE and JOHN | § | |
| CREUZOT, | § | |
| | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| ALONZO TRAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-456-D-BN |
| | § | |
| CITY OF DALLAS POLICE | § | |
| DEPARTMENT and EDDIE GARCIA, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In 1992, Plaintiff Alonzo Traylor "was convicted of possession of cocaine with intent to deliver, enhanced, … in the 283rd Judicial District Court of Dallas County, Texas, and sentenced to 35 years' imprisonment," and, in 2010, he "was released to parole, which expires on December 2, 2026, if satisfactorily completed." *Traylor v. Dir., TDCJ-CID*, No. 3:23-cv-754-L-BH, 2023 WL 3922646, at *1 (N.D. Tex. Apr. 19, 2023) (citations omitted), *rec. accepted in part*, 2023 WL 3383912 (N.D. Tex. May 11, 2023), *COA denied*, No. 23-10616 (5th Cir. Oct. 18, 2023).

Traylor has now filed, in two separate cases, substantially the same *pro se* complaint under 42 U.S.C. § 1983 requesting that this conviction be vacated and that he be awarded monetary damages.

And both cases have been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

Putting aside any other defects in each complaint, "[a] complaint fails to state a claim where it demands relief barred by *Heck v. Humphrey*," 512 U.S. 477 (1994). *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

That is, a Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to the rule in *Heck*,

> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v.*

*Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

*Heck* generally applies to claims for damages, but it applies equally where a suit seeks injunctive relief. *See, e.g.*, *O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at *2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec. accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)).

Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

Because Traylor fails to show that the criminal conviction that underlies his civil claims has been reversed, invalidated, set aside, or otherwise resolved in his favor, the claims asserted – calling that conviction into question – are currently subject to the rule in *Heck* and thus not cognizable.

And, where this is the case, the Court should dismiss the lawsuit without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

## Recommendation

The Court should dismiss Plaintiff Alonzo Traylor's complaint without prejudice, as his claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE